The plaintiff, Great Day Improvements, LLC (Great Day), appeals from the order denying its motion to stay proceedings and compel arbitration.[4] For the reasons that follow, we conclude that the arbitration clause at issue is valid and vacate the judge's order denying the motion.
Background. The defendant trustee, Leonarda Spinale-Rea, hired Great Day to construct a sunroom or all-season room at her residence located in Hanover. The parties executed a contract for the project on October 18, 2016. As Great Day proceeded with the installation, a dispute arose over certain design specifications. Ultimately, Spinale-Rea was not satisfied with the project and withheld the final payment.[5] Great Day filed a mechanics lien on Spinale-Rea's property and then brought this action in Superior Court for breach of contract, quantum meruit, and to enforce the lien. Spinale-Rea filed a counterclaim alleging, among other things, breach of contract and violation of G. L. c. 93A. Great Day moved to stay the proceedings and to compel arbitration. A judge denied the motion on the ground that the arbitration clause in the contract was not clearly and conspicuously disclosed, or signed and dated separately by each party, as required by the regulations promulgated under G. L. c. 142A. The judge also denied Great Day's subsequent motion to reconsider.
Discussion. General Laws c. 142A regulates home improvement contractors. The statute permits a home improvement contractor like Great Day to include an arbitration provision in a contract with a homeowner, provided that such a provision is "clearly and conspicuously disclosed in the contract, in language designated by the director" of consumer affairs and business regulation, and that "each party separately signs and dates the provision, thereby assenting to the procedure." G. L. c. 142A, § 2. See 201 Code Mass. Regs. §§ 18.01(2), 18.05(2)(e) (2016).[6] See also Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 133 (2001).
The contract between the parties is attached to Great Day's complaint at pages six to eight of exhibit A. It consists of three pages which set forth the scope of the project and terms of payment. An arbitration clause that conforms with the statutory and regulatory requirements appears on the third page of the contract.[7] The judge, however, did not address the validity of this arbitration clause. Instead, the judge reviewed a different arbitration clause -- one not conforming with the requirements -- that was included in a one-page document entitled "Terms of Sale," which was (inexplicably) attached to Great Day's motion to compel arbitration.[8] The judge concluded that the latter clause was unenforceable and denied Great Day's request to proceed to arbitration.
We are reluctant to fault the judge for a decision that relies upon a document provided to him by Great Day in support of its motion to compel arbitration. Furthermore, as the judge noted in his memorandum of decision and order, the contract attached to Great Day's complaint did not include that document, the one-page "Terms of Sale" containing the arbitration clause upon which Great Day purported to rely. Nonetheless, there is no dispute that the contract signed by the parties contains a conforming arbitration clause. This fact was brought to the judge's attention when Great Day filed a motion to reconsider, in which it clarified that the operative (and compliant) arbitration clause was set forth on the third page of the contract. We therefore conclude that Great Day has met its burden of demonstrating that the arbitration provision is enforceable under c. 142A. See McInnes v. LPL Fin., LLC, 466 Mass. 256, 260-261 (2013).[9]
Accordingly, we vacate the order denying Great Day's motion to stay the proceedings and compel arbitration, and remand for further proceedings consistent with this memorandum and order.
So ordered.
vacated and remanded

Great Day also appeals from the order denying its motion for reconsideration.

Great Day asserts that the project was completed in late December of 2016, at which time approximately $ 20,000 of the $ 48,000 contract price remained unpaid. Spinale-Rea claims Great Day failed to construct the room according to the agreed-upon specifications, and when she expressed concerns, Great Day proposed an unsatisfactory resolution that she was coerced into accepting. Spinale-Rea maintains that several aspects of the project remain incomplete or had to be completed at additional expense.

Section 18.05(2)(e) provides in pertinent part,
"Any contract entered into between a home improvement contractor and owner may provide that the ... contractor may initiate alternative dispute resolution through any private arbitration services approved by the director [of consumer affairs and business regulation], ... provided, that said alternative dispute resolution provision is clearly and conspicuously disclosed in the contract, in language designated by the director, and that each party separately signs and dates the provision, thereby assenting to the procedure" (emphases added).
The regulation also provides a sample arbitration provision with acceptable language and format.

This arbitration clause contains language materially similar to the sample provision appearing in 201 Code Mass. Regs. § 18.05(2)(e). See note 5, supra. In addition, the provision is separately signed by the parties and, although it is not dated in immediate proximity to the provision, this page of the contract is dated in two separate places, satisfying the dating requirement.

The nonconforming arbitration clause is contained in the middle of a long, dense paragraph, which is not distinguishable by size or font from the balance of the text. Nor did the parties separately sign and date the provision.

We note, however, that we agree with the judge's conclusion that Spinale-Rea's c. 93A claim is not arbitrable in the circumstances.